## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO (COLUMBUS)

MICHAEL J. YOUNG,                                    CASE NO.  2:18-cv-00052-MHW-CMV
          Plaintiff,

vs.                                                  JUDGE MICHAEL H. WATSON

LEXISNEXIS; EQUIFAX CREDIT
INFORMATION SERVICES, INC.;
EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANSUNION
INTERMEDIATE HOLDINGS, INC.;
          Defendants.

## TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
## AND AFFIRMATIVE DEFENSES

Trans Union, LLC, erroneously identified as TransUnion Intermediate Holdings, Inc. ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

**Background Information**

[A]     Plaintiff Michael J. Young (hereinafter "Young") is an individual residing in Columbus, Ohio and is involved in various business activities whereby he seeks financing and credit from Banks, Lenders and other entities.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

[B]     Defendants RELX PLC LexisNexis (hereinafter "LexisNexis"), Equifax Credit Information Services, Inc. (hereinafter "Equifax"), Experian Information Solutions, Inc. (hereinafter "Experian") and TransUnion Intermediate Holdings, Inc. (hereinafter "TransUnion")

supply credit and legal research information data to Banks, Lenders and other credit granting entities.

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

**PARTIES**

1.      Plaintiff is an Ohio resident residing at 610 Old Farm Road in Columbus, Ohio.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

2.      Defendants RELX PLC LexisNexis, Equifax Credit Information Services, Inc., Experian Information Solutions, Inc. and TransUnion Intermediate Holdings, Inc. are entities that do business in the State of Ohio and are duly qualified to do business in Ohio.

**ANSWER:** Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

**JURISDICTION AND VENUE**

3.      The Court has jurisdiction over this action pursuant to O.R.C. 2305.01.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Venue is proper pursuant to the Ohio Rules of Civil Procedure Sections 3(B)(3) and 3(B)(6) among others.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## COUNT I

5.     RELX PLC LexisNexis (hereinafter "LexisNexis") has reported erroneous information on Plaintiff Michael J. Young (hereinafter "Young") to Equifax Credit Information Services, Inc. (hereinafter "Equifax") and Experian Information Solutions, Inc. (hereinafter "Experian") and TransUnion Intermediate Holdings, Inc. (hereinafter "TransUnion"). Said erroneous information includes the following items:

a)     United States Bankruptcy Court-Southern District Of Ohio Case No. 15-54075, wherein LexisNexis reported that the Petitioner was Plaintiff Young as a "Personal Filer' [sic] instead of his status in the filing only in his capacity as a "Trustee" . LexisNexis has erroneously reported to Equifax, Experian and TransUnion that this filing was a "Personal Bankruptcy" of Young and, thereafter, Equifax, Experian and TransUnion issued credit reports noting that this was a "personal Bankruptcy" of Young.

b)     United States Bankruptcy Court-Southern District Of Ohio Case No. 15-57653, wherein LexisNexis reported that the Petitioner was Plaintiff Young as a "Personal Filer'[sic] instead of his status in the filing only in his capacity as a "Trustee" . LexisNexis has erroneously reported to Equifax, Experian and TransUnion that this filing was a "Personal Bankruptcy" of Young and, thereafter, Equifax, Experian and TransUnion issued credit reports noting that this was a "personal Bankruptcy" of Young.

c)     United States Bankruptcy Court-Southern District Of Ohio Case No. 16-53726, wherein LexisNexis reported that the Petitioner was Plaintiff Young as a "Personal Filer' [sic] instead of his status in the filing only in his capacity as a "Trustee".

LexisNexis has erroneously reported to Equifax, Experian and TransUnion that this filing was a "Personal Bankruptcy" of Young and, thereafter, Equifax, Experian and TransUnion issued credit reports noting that this was a "personal Bankruptcy" of Young.

d) A Federal Tax Lien filed In [sic] Fairfield County, Ohio, Lien No. 201500006068, in the amount of $53,467, filed of record in April, 2015 and still valid. LexisNexis has erroneously reported to Equifax, Experian and TransUnion that this lien is still of record and not released, and, thereafter, Equifax, Experian and TransUnion issued credit reports listing that this was an "unpaid tax lien" of Young and still of record.

e) A Federal Tax Lien filed In [sic] Franklin County, Ohio, Lien No. 201509101286, in the amount of $20,796, filed of record in September, 2015 and still valid. LexisNexis has erroneously reported to Equifax, Experian and TransUnion that this lien is still of record and not released, and, thereafter, Equifax, Experian and TransUnion issued credit reports noting that this was an "unpaid tax lien" of Young and still of record.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, including subparts, as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

6. Defendant Young has repeatedly contacted LexisNexis, by telephone conversations and in writing, about the error in reporting these Items set forth in a, b, c, d and e above, and other

erroneous information, to Equifax, Experian and TransUnion. LexisNexis has refused to correct its erroneous reporting and continues to report, in a "reckless" and "arrogant" manner, this incorrect information, in deference to Plaintiff Young's requests for corrections. The reporting and issuance of this erroneous information has damaged the reputation of Plaintiff Young and his ability to get credit from Banks and Lenders.

**ANSWER:** Trans Union denies the allegations of this paragraph that "[t]he reporting and issuance of this erroneous information has damaged the reputation of Plaintiff Young and his ability to get credit from Banks and Lenders." Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## COUNT II

7.     Plaintiff Young hereby incorporates and restates the above paragraphs as if fully rewritten herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

8.     Defendant Equifax has used the erroneous information from LexisNexis on credit reports it has issued on Plaintiff Young, and Young has repeatedly contacted Equifax, in writing and by e-mail correspondence, about the error in reporting this erroneous and incorrect information. Equifax has refused to correct its erroneous reporting and continues to report, in a "reckless" and "arrogant" manner, this incorrect information, in deference to Plaintiff Young's requests for corrections. The reporting and issuance of this erroneous information by Equifax has damaged the reputation of Plaintiff Young and his ability to get credit from Banks and Leaders.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

9.     ln addition to the tortious behavior by Defendant Equifax set forth above, Equifax has issued credit information and a 'credit score' or 'credit rating' on Plaintiff Young to various companies that make loans or advance credit to individuals such as Young.  Except for some written authorizations given by Young for specific credit applications, Young has never authorized Equifax to issue any credit report or rating of his credit to any entity or individual.  This reporting of Plaintiff Young's credit history and a rating, whether accurate or erroneous, is illegal and an 'invasion of privacy' of Young's rights, both under Ohio and United States law, and the issuance of said reports and ratings have damaged Young and his ability to do business.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## COUNT III

10.     Plaintiff Young hereby incorporates and restates the above paragraphs as if fully rewritten herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

11.     Defendant Experian has used the erroneous information from LexisNexis on credit reports it has issued on Plaintiff Young, and Young has contacted Experian about the error in reporting this erroneous and incorrect information.  Experian has refused to correct its erroneous reporting and continues to report, in a "reckless" and "arrogant" manner, this incorrect information, in deference to Plaintiff Young's requests for corrections.  The reporting and issuance

of this erroneous information by Experian has damaged the reputation of Plaintiff Young and his ability to get credit from Banks and Lenders.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

12.     In addition to the tortious behavior by Defendant Experian set forth above, Experian has issued credit information and a 'credit score' or 'credit rating' on Plaintiff Young to various companies that make loans or advance credit to individuals such as Young.  Except for some written authorizations given by Young for specific credit applications, Young has never authorized Experian to issue any credit report or rating of his credit to any entity or individual.  This reporting of Plaintiff Young's credit history and a rating, whether accurate or erroneous, is illegal and an 'invasion of privacy' of Young's rights, both under Ohio and United States law, and the issuance of said reports and ratings have damaged Young and his ability to do business.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## COUNT IV

13.     Plaintiff Young hereby incorporates and restates the above paragraphs as if fully rewritten herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

14.     Defendant TransUnion has used the erroneous information from LexisNexis on credit reports it has issued on Plaintiff Young, and Young has repeatedly contacted TransUnion, in writing and by e-mail correspondence, about the error in reporting this erroneous and incorrect

information.  TransUnion has refused to correct its erroneous reporting and continues to report, in a "reckless" and "arrogant" manner, this incorrect information, in deference to Plaintiff Young's requests for corrections.  The reporting and issuance of this erroneous information by TransUnion has damaged the reputation of Plaintiff Young and his ability to get credit from Banks and Lenders.

**ANSWER:**  Trans Union denies the allegations of this paragraph that "TransUnion has refused to correct its erroneous reporting and continues to report, in a 'reckless' and 'arrogant' manner, this incorrect information…" and "[t]he reporting and issuance of this erroneous information by TransUnion has damaged the reputation of Plaintiff Young and his ability to get credit from Banks and Lenders."  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15.    In addition to the tortious behavior by Defendant TransUnion set forth above, TransUnion has issued credit information and a 'credit score' or 'credit rating' on Plaintiff Young to various companies that make loans or advance credit to individuals such as Young.  Except for some written authorizations given by Young for specific credit applications, Young has never authorized TransUnion to issue any credit report or rating of his credit to any entity or individual. This reporting of Plaintiff Young's credit history and a rating, whether accurate or erroneous is illegal and an 'invasion of privacy' of Young's rights, both under Ohio and United State law, and the issuance of said reports and ratings have damaged Young and his ability to do business.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Plaintiff Michael J. Young demands judgment against Defendants RELX PLC LexisNexis, Equifax Credit Information Services, Inc., Experian Information Solutions, Inc. and TransUnion Intermediate Holdings, Inc., jointly and severally, and for the relief as follows:

A.      As to Count I, an Order of the Court that i) directs LexisNexis to delete all information as set forth in Paragraphs 5. a), b), c), d) and e) of this Complaint as to erroneous information it is reporting; ii) to notify Defendants Equifax, Experian and TransUnion to delete this erroneous information from all credit reports of Plaintiff Young; iii) to issue a letter of correction directed to all entities that Plaintiff Young provides to LexisNexis regarding said erroneous information as set forth in said Paragraphs 5. a), b), c), d) and e) of this Complaint; iv) for a monetary judgment against LexsisNexis [sic] in favor of Plaintiff Young for compensatory damages in the amount of $500,000.00 and for a monetary judgment against LexisNexis in favor of Plaintiff Young for punitive damages in the amount of $1,500,000.00.

B.      As to Count II, an Order of the Court that i) directs Equifax to delete ail information as set forth in Paragraphs 5. a), b), c), d) and e) of this Complaint as to erroneous information it is reporting in credit reports on Plaintiff Young; ii) to issue a letter of correction directed to all entities that Plaintiff Young provides to Equifax regarding said erroneous information as set forth in said Paragraphs 5. a), b), c), d) and e) of this Complaint; iii) to refrain from issuing to any person or entity, without the express consent of Plaintiff Young, any and all credit reports, credit ratings and credit scores regarding Plaintiff Young, and; iv) for a monetary judgment against Equifax in favor of Plaintiff Young for compensatory damages in the amount of $500,000.00 and for a monetary judgment against Equifax in favor of Plaintiff Young for punitive damages in the amount of $1,500,000.00.

C.      As to Count III, an Order of the Court that i) directs Experian to delete all information as set forth in Paragraphs 5. a), b), c), d) and e) of this Complaint as to erroneous information it is reporting in credit reports on Plaintiff Young; ii) to issue a letter of correction directed to all entities that Plaintiff Young provides to Experian regarding said erroneous

information as set forth in said Paragraphs 5, a), b), c), d) and e) of this Complaint; iii)to refrain from issuing to any person or entity, without the express consent of Plaintiff Young, any and all credit reports, credit ratings and credit scores regarding Plaintiff Young, and; iv) for a monetary judgment against Experian in favor of Plaintiff Young for compensatory damages in the amount of $500,000.00 and for a monetary judgment against Experian in favor of Plaintiff Young for punitive damages in the amount of $I,500,000.00.

D.      As to Count IV, an Order of the Court that i) directs TransUnion to delete all information as set forth in Paragraphs 5. a), b), c), d) and e) of this Complaint as to erroneous information it is reporting in credit reports on Plaintiff Young; ii) to issue a letter of correction directed to all entities that Plaintiff Young provides to TransUnion regarding said erroneous information as set forth in said Paragraphs 5. a), b), c), d) and e) of this Complaint; iii) to refrain from issuing to any person or entity, without the express consent of Plaintiff Young, any and all credit reports, credit ratings and credit scores regarding Plaintiff Young, and; iv) for a monetary judgment against TransUnion in favor of Plaintiff Young for compensatory damages in the amount of $500,000.00 and for a monetary judgment against TransUnion in favor of Plaintiff Young for punitive damages in the amount of $1,500,000.00.

E.      Payment of all of Plaintiff Young's attorney fees, court costs and any and all of his expenses related to this action.  And,

F.      For such other legal and equitable relief to which Plaintiff Young may be entitled.

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute

allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,


*/s/ William M. Huse*
William R. Brown, Trial Attorney (IN #26782-48)
William M Huse, Trial Attorney (OH # 0076942)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  wbrown@schuckitlaw.com
E-Mail:  whuse@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*
*(erroneously identified as Transunion Intermediate*
*Holdings, Inc.)*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **5th day of February, 2018**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Ronald I. Raether, Jr., Esq.<br>Ronald.raether@troutmansanders.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **5th day of February, 2018**, properly addressed as follows:

| **Pro Se Plaintiff**<br>Michael J. Young<br>610 Old Farm Road<br>Columbus, OH  43213 | |

*/s/ William M. Huse*
William R. Brown, Trial Attorney (IN #26782-48)
William M Huse, Trial Attorney (OH # 0076942)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  wbrown@schuckitlaw.com
E-Mail:  whuse@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*
*(Improperly identified as Transunion Intermediate*
*Holdings, Inc.)*