UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael J. Young,

    Plaintiff,

v.

LexisNexis, *et al.*,

    Defendants.

Case No. 2:18-cv-52

Judge Michael H. Watson
Magistrate Judge Vascura

## ORDER

Michael J. Young ("Plaintiff"), proceeding *pro se*, brings this action against LexisNexis Risk Data Management Inc. ("LexisNexis"),[1] Equifax Credit Information Services, Inc. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion Intermediate Holdings, Inc. ("TransUnion") (together, "Defendants") alleging, *inter alia*, violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). LexisNexis moves to dismiss Plaintiff's claims against it for failure to state a claim. Mot., ECF No. 9-1. For the following reasons, the Court **GRANTS** LexisNexis' Motion.

---

[1] Plaintiff's Complaint names "LexisNexis Division of RELX PLC" as a defendant, but LexisNexis avers that, "upon information and belief and based on Plaintiff's allegations involving the retrieval of bankruptcy records and tax liens, the proper entity is LexisNexis Risk Data Management Inc." Mot. 1, ECF No. 9-1 (citation omitted). Plaintiff does not dispute that LexisNexis Risk Data Management Inc. is the proper defendant in this case.

## I. BACKGROUND

Plaintiff is an individual residing in Columbus, Ohio, who, in the course of his business activities, seeks financing and credit from banks, lenders, and other entities. Compl., ECF No. 3, PAGEID # 23. LexisNexis is a public records vendor. Equifax, Experian, and TransUnion are nationwide consumer reporting agencies. *Id.*

Plaintiff alleges in his Complaint that LexisNexis "reported erroneous information" to Equifax, Experian, and TransUnion regarding his filing status in prior bankruptcy proceedings. Compl. ¶ 5. Specifically, Plaintiff alleges that in three separate cases before the United States Bankruptcy Court for the Southern District of Ohio, LexisNexis reported that Plaintiff was a "personal filer" instead of a "trustee." *Id.* Additionally, Plaintiff alleges that LexisNexis erroneously informed Equifax, Experian, and TransUnion of the existence of two valid and unpaid federal tax liens against Plaintiff—one in the amount of $53,467, filed in April 2015 in Fairfield County, Ohio, and the other in the amount of $20,796, filed in September 2015 in Franklin County, Ohio—even though those liens were allegedly released and no longer of record. *Id.* Plaintiff avers that Equifax, Experian, and TransUnion thereafter issued credit reports that included the allegedly erroneous information regarding Plaintiff's bankruptcy filings and unpaid liens, which was furnished to them by LexisNexis. *Id.*

After this information was reported by Equifax, Experian, and TransUnion, Plaintiff alleges that he contacted LexisNexis by telephone and by mail to inform

it of the above (and additional) erroneously reported information, but that LexisNexis "has refused to correct its erroneous reporting and continues to report" that information in a reckless and "arrogant" manner. *Id.* ¶ 6. Plaintiff further avers that he contacted Equifax, Experian, and TransUnion about the same errors but that they recklessly and arrogantly continue to issue credit information regarding Plaintiff that incorporates this information. *Id.* ¶¶ 8, 11, 14.

Plaintiff asserts that the reporting of this false information has damaged his reputation and hindered his ability to obtain credit from banks and other lenders. *Id.* ¶¶ 9, 12, 15.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond the mere possibility of [relief] must be alleged. . . ." *Id.* at 557–58 (internal citations omitted).

### III. ANALYSIS

Plaintiff's claims against LexisNexis arise under 15 U.S.C. § 1681s-2, which is the only section of the FCRA that applies to "furnishers"[2] of credit information. *Ogle v. BAC Home Loans Servicing LP*, 2012 WL 12925834, at *8 (S.D. Ohio Jan. 12, 2012). LexisNexis argues that Plaintiff fails to state a claim against it under 15 U.S.C. § 1681s-2 for two reasons: (1) 15 U.S.C. § 1681s-2(a)

---

[2] LexisNexis states in its Motion that it "takes the position that it is acting as a public records vendor and not a 'furnisher'" to whom the FCRA applies, but that, since "Plaintiff's theory against [LexisNexis] can only go forward if it was a 'furnisher,'" it will not contest the issue "for the purpose of the motion." Mot. 1 n.1, ECF No. 9-1. The Court thus likewise considers LexisNexis a "furnisher" within the meaning of the statute for the purpose of this Opinion only.

does not allow for a private right of action, and (2) Plaintiff fails to allege, as required under 15 U.S.C. § 1681s-2(b), that any credit reporting agency notified LexisNexis that Plaintiff disputed the credit information at issue in this case. The Court agrees that, for both of these reasons, Plaintiff fails to state a claim against LexisNexis.

The FCRA places certain requirements on furnishers of credit information to verify the accuracy of the information supplied to credit reporting agencies. Specifically, 15 U.S.C. § 1681s-2(a) prohibits a furnisher from providing "any information relating to a consumer to any consumer reporting agency if the [furnisher] knows or has reasonable cause to believe that the information is inaccurate." However, "subsection (d) of 1681s-2 forecloses a private cause of action" for violations of § 1681s-2(a), "as it states that any such violations shall be enforced exclusively 'by the Federal agencies and officials and State officials identified in section 1681s.'" *Zamos v. Asset Acceptance, LLC*, 423 F. Supp. 2d 777, 787–88 (N.D. Ohio 2006) (quoting 15 U.S.C. § 1681s-2(d)); *see also Ogle*, 2012 WL 12925834, at *9 ("[T]he FCRA expressly prohibits any private cause of action based on a violation of §1681s-2(a)." (citation omitted)). Therefore, to the extent Plaintiff attempts to bring a claim against LexisNexis for violations of 15 U.S.C. § 1681s-2(a), that claim fails.

However, "[u]nlike section (a) discussed above, § 1681s-2(b) does provide a means by which individuals can recover damages under the FCRA." *Kareem v. J.P. Morgan Chase Bank, N.A.*, 2015 WL 4351750, at *4 (S.D. Ohio July 15,

2015) (citing *Bach v. First Union Nat. Bank*, 149 F. App'x 354, 358–59 (6th Cir. 2005)). Upon notice from a credit reporting agency that a consumer disputes the information the furnisher provided, this subsection requires the furnisher to "(1) investigate the veracity of the disputed information; (2) review the information provided by the credit reporting agency; (3) report the results of the investigation; and (4) correct any inaccuracies uncovered by the investigation." *Bach*, 149 F. App'x at 358. A consumer may recover damages for a furnisher's willful violation of 15 U.S.C. § 1681s-2(b). *Id.* To bring a claim under that section, "a plaintiff must allege that [] a credit reporting agency notified the furnisher that the credit information was disputed" and that "the furnisher then acted with 'reckless disregard' in . . . conducting an investigation and reviewing pertinent information." *Kareem*, 2015 WL 4351750, at *4 (citation omitted).

Plaintiff's Complaint fails to state a claim against LexisNexis under this section, too, because the Complaint is devoid of any allegation that Equifax, Experian, or TransUnion (or any other credit reporting agency) notified LexisNexis that Plaintiff disputed the credit information it allegedly furnished. *Cf. id.*; *see also Ogle*, 2012 WL 12925834, at *9 ("Plaintiffs' failure to allege that the credit reporting agency notified [the furnisher] of the disputed information is fatal to their FCRA claim." (citing *Farris v. Morgan Stanley Dean Witter Credit Corp.*, No. 08-11851, 2010 WL 3023808 (E.D. Mich. July 29, 2010))); *Zamos*, 423 F. Supp. 2d at 788 ("[U]nder § 1681s-2(b), the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit

information is disputed." (quoting *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 854 (6th Cir. 2004) (emphasis removed))). Because Plaintiff fails to allege sufficient facts to make plausible a claim for relief against LexisNexis under 15 U.S.C. § 1681s-2(b), this claim also fails.[3]

Finally, because 15 U.S.C. § 1681s-2 is the only section of the FCRA that applies to furnishers, *Ogle*, 2012 WL 12925834, at *8, Plaintiff cannot state any other claim for relief against LexisNexis for violations of that statute. Accordingly, Plaintiff's claims against LexisNexis are **DISMISSED without prejudice** for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** LexisNexis' Motion, ECF No. 9-1, and **DISMISSES** LexisNexis from this case. The Clerk is **DIRECTED** to terminate ECF No. 9 from its pending motions list.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Plaintiff's Response to LexisNexis' Motion includes an affidavit in which Plaintiff asserts that Equifax, Experian, and TransUnion stated to Plaintiff "that they would notify LexisNexis of [his] disputes." Pl. Aff. ¶ 3, ECF No. 10-1. While the Court may not consider Plaintiff's affidavit for the purpose of resolving the Motion to Dismiss, *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) ("Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." (citation omitted)), Plaintiff may seek leave to amend his Complaint under Federal Rule of Civil Procedure 15(a) to add this allegation.