IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL J. YOUNG,

    Plaintiff,

    v.                                              Case No. 2:18-cv-52
                                                       Judge Michael H. Watson
                                                       Magistrate Judge Chelsey M. Vascura

LEXISNEXIS, *et al*.,

    Defendants.

**OPINION AND ORDER**

Plaintiff, Michael Young, proceeding without the assistance of counsel, filed this action against Defendants LexisNexis,[1] Equifax Credit Information Services, Inc. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union Intermediate Holdings, Inc. ("Trans Union") in state court on January 5, 2018.  Trans Union removed this case to this Court on January 19, 2018.  (ECF No. 1.)  Experian failed to timely answer or otherwise respond to Plaintiff's Complaint, prompting Plaintiff to apply for and obtain an entry of default from the Clerk on March 30, 2018.  (ECF Nos. 20 and 21.)  Thereafter, Plaintiff filed a Motion for Default Judgment against Experian.  (ECF No. 22.)  After filing a notice of appearance and intent to oppose (ECF Nos. 23 and 25), Experian filed a Motion to Set Aside the Entry of Default and Strike Plaintiff's Motion for Default Judgment.  (ECF No. 26.)  For the reasons that follow, Experian's Motion (ECF No. 26) is **GRANTED**, Plaintiff's Motion (ECF No. 22) is **DENIED,** the Clerk is **DIRECTED** to **VACATE** the Entry of Default (ECF No. 21), and Experian is **DIRECTED** to file its answer or otherwise respond to Plaintiff's Complaint **WITHIN FOURTEEN DAYS**.

---

[1] Defendant LexisNexis was dismissed from the case on May 8, 2018.  (ECF No. 30.)

**I.**

As noted above, Plaintiff initiated this action in state court on January 5, 2018. (ECF No. 1.) According to Trans Union's Notice of Removal, at the time the case was removed on January 19, 2018, no other defendant had been served. (*Id.* at ¶ 5.)

Plaintiff attached to his application for entry of default against Experian a certified mail receipt sent by the Franklin County Clerk of Courts on January 5, 2018, reflecting that service of process was sent by certified mail on January 12, 2018, to Experian at 29 Broadway, 6th Floor, New York, NY 10009 ("New York address"). (ECF No. 20-1.)

According to the affidavit of Experian's paralegal, Marina Velardi, Experian's corporate headquarters is in Costa Mesa, California, not New York City, New York. (Velardi Aff. ¶¶ 5–6, ECF No. 26-3.) Rather, the office space at the New York address where service of process was sent to is leased by Experian Marketing Services, LLC ("Experian Marketing"). (*Id.* at ¶ 3.) Although Experian Marketing and Defendant Experian share the same corporate parent company, they are nevertheless two separate and distinct corporate entities that maintain their own records and accounts. (*Id.* at ¶ 4.) In addition, Experian has an appointed C T Corporation System as its statutory agent to receive service of process in Ohio. (*Id.* at ¶ 8.)

Experian further represents that it was not made aware of the lawsuit until an attorney for Trans Union forwarded Plaintiff's Motion for Default Judgment to the law firm of Jones Day on March 27, 2018. (Robinson Aff. ¶ 4, ECF No. 26-2.) After investigating its internal records and finding no information about this lawsuit, Experian retained counsel from the law firm of Jones Day to represent it in this matter on April 5, 2018. (Velardi Aff. ¶¶ 10, 12, ECF No. 26-3.) On April 6, 2018, counsel for Experian entered an appearance and a notice of intent to oppose

Plaintiff's Motion for Default Judgment.  (Robinson Aff. ¶¶ 5–6, ECF No. 26-2; *see also* ECF Nos. 23 and 25.)  Experian's counsel also indicates that he contacted Plaintiff to discuss the service issues and requested that Plaintiff withdraw his Motion for Default Judgment.  (Robinson Aff. ¶ 7–8, ECF No. 26-2.)  Plaintiff declined to withdraw the Motion.  (*Id.*)

On April 20, 2018, Experian filed its Motion to Set Aside the Entry of Default and to Strike Plaintiff's Motion for Default Judgment.  (ECF No. 26.)  Experian requests that the Court set aside the entry of default to allow it to respond to Plaintiff's claims on the merits.  In support of this request, Experian asserts that it was not properly served, that it was not culpable for the failure to timely respond, that it has meritorious defenses, and that Plaintiff will not be prejudiced if the entry of default is set aside.  (Def.'s Mot. 3, ECF No. 26-1.)  Experian further submits that it will be prejudiced if the Court enters default judgment in Plaintiff's favor.  (*Id.*)

Plaintiff opposes Experian's request to set aside the entry of default.  (ECF No. 29.)  Plaintiff represents that Experian lists the New York address as its "United States East Office" and lists the Costa Mesa, California address as its North American Headquarters but not as "'the United States Offices' address."  (*Id.* at 2.)  He argues that Experian lists multiple addresses and corporate names in a deliberate attempt to confuse and prevent consumers from accurately contacting the company about credit reporting errors.  (*Id.*)  Plaintiff also contends that because the service of process he mailed was not returned as undeliverable, he accomplished proper service.  (*Id.*)

3

## II.

Federal Rule of Civil Procedure 55 provides that courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether the movant has sufficiently established good cause, the United States Court of Appeals for the Sixth Circuit instructs that courts must "assess 'whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir.1983)).

Although Rule 55(c) vests trial courts with discretion, this Court recognizes that "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. Therefore, "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 846 (internal quotation marks and citations omitted); *see also Dassault Systemes*, 663 F.3d at 841 (quoting *INVST Fin. Grp., Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (noting that in conducting reviews of denials of motions to set aside entries of default, the Sixth Circuit construes "'all ambiguous or disputed facts in the light most favorable to the defendant,' resolving any doubts in [its] favor" given its "general preference for judgments on the merits").

## III.

In light of the foregoing, the Court finds that good cause exists to set aside the entry of default against Experian. The Court first finds that service of process was not properly effected

4

in this case.  Federal Rule of Civil Procedure 4(h), which governs service of corporations, provides in relevant part as follows:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

Fed. R. Civ. P. 4(h)(1).  In turn, Rule 4(e)(1) for serving an individual allows for service to be made in accordance with either the rules of the state where the action is brought, in this case Ohio, or where service is attempted, here, in New York.  Fed. R. Civ. P. 4(e)(1).  Neither Ohio nor New York state law permit service on a related corporation to suffice for service on a corporate entity.  *See* Ohio Civ. R. 4.2(F); N.Y. Civ. Practice Law & Rules §§ 311–12; *see also* Am. Jur. 2d. § 239 ("Generally, service on a parent, subsidiary, cosubsidiary, or affiliate of a corporate defendant is not service on the defendant").

Applied here, Plaintiff's attempts to serve Experian at a distinct, but related corporate entity fall short.  Because Plaintiff has not properly effected service of process over Experian, the Court must set aside the entry of default.  *See O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) ("[D]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties[;] . . . [t]herefore, if service of process was not proper, the court must set aside an entry of default.").

5

Although Plaintiff's failure to properly effect service is dispositive, the Court notes that other factors weigh in favor of setting aside the entry of default.  For example, because this case is in its infancy, Plaintiff will not be prejudiced should the Court vacate the entry of default.  *See United Coin Meter Co.*, 705 F.2d at 842 (noting that delay alone is sufficient to prove prejudice, and there must be some "future prejudice that will result from reopening the judgment").  In addition, Defendant has asserted several viable defenses.  *See id.* at 845 ("[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced.").

In sum, good cause as contemplated under Rule 55(c) exists to set aside the entry of default.  Experian's Motion is therefore **GRANTED**.  *See Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193–94 (6th Cir. 1986) (finding that a district court abuses its discretion in failing to set aside an entry of default where the defendant demonstrates that it has a meritorious defense and that the plaintiff would not be prejudiced should the entry be set aside).

**IV.**

For the reasons set forth above, Experian's Motion to Set Aside the Entry of Default and to Strike Plaintiff's Motion for Default Judgment.  (ECF No. 26.) is **GRANTED**, Plaintiff's Motion for Default Judgment (ECF No. 22) is **DENIED,** the Clerk is **DIRECTED** to **VACATE** the Entry of Default (ECF No. 21), and Experian is **DIRECTED** to file its answer or otherwise respond to Plaintiff's Complaint **WITHIN FOURTEEN DAYS**.

**IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE