UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
(COLUMBUS)

| | |
|---|---|
| MICHAEL J. YOUNG, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>LEXISNEXIS, et al., )<br>)<br>    Defendants. )<br>_____ ) | Case No.: 2:18-cv-00052-MHW-CMV |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), incorrectly named as Equifax Credit Information Services, Inc., by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in the "Background Information" section on page 1 of the Complaint.

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Equifax admits it conducts business in the State of Ohio. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3. To the extent Plaintiff has properly alleged his claims, Equifax admits the Court may exercise its jurisdiction.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 6.

8. Equifax admits that it received disputes from Plaintiff. The disputes speak for themselves, and to the extent that Plaintiff misstates, misquotes, mischaracterizes, or takes out of context the contents of the disputes, Equifax denies those allegations. Equifax denies the remaining allegations in Paragraph 8.

9. Equifax denies the allegations in Paragraph 9.

10. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 9.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Equifax is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 12.

13. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 12.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Equifax denies Plaintiff is entitled to any relief claimed in the WHEREFORE Paragraphs.

17. Equifax admits Plaintiff demands a trial by jury.

18. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## THIRD DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's

credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### FOURTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

### FIFTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

### SIXTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) Equifax be dismissed as a party to this action;

   (3) Equifax recover such other and additional relief as the Court deems just and appropriate.

                Respectfully submitted,

                /s/ David A. Wallace
                David A. Wallace (0031356)
                Tyler K. Ibom (0085928)
                CARPENTER LIPPS & LELAND LLP
                280 Plaza, Suite 1300
                280 North High Street
                Columbus, Ohio 43215
                (614) 365-4100 (Telephone)
                (614) 365-9145 (Facsimile)
                wallace@carpenterlipps.com
                ibom@carpenterlipps.com

                Attorneys for Defendant
                Equifax Information Services, LLC

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on May 14, 2018. Notice of this filing was also sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

I certify that a copy of the foregoing was also served on May 14, 2018 by First Class U.S. Mail, postage prepaid upon:

Michael J. Young
610 Old Farm Road
Columbus, Ohio 43213

                                        /s/ David A. Wallace
                                        One of the Attorneys for Defendant
                                        Equifax Information Services, LLC