## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL J. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-CV-52-MHW-CMV |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint, states as follows:

1.      In response to paragraph 1 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

2.      In response to paragraph 2 of the Complaint, Experian states that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.  Experian admits that it is qualified to do business and does conduct business in the State of Ohio.  In response to the remaining allegations of paragraph 2, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every such allegation.

3.      In response to paragraph 3 of the Complaint, Experian states that this paragraph states legal conclusions that are not subject to denial or admission.

4.      In response to paragraph 4 of the Complaint, Experian states that this paragraph states legal conclusions that are not subject to denial or admission.

5.      In response to paragraph 5 of the Complaint, Experian denies, generally and specifically, each and every allegation therein against Experian.  As to the remaining allegations in paragraph 5, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every such allegation.

6.      In response to paragraph 6 of the Complaint, Experian denies, generally and specifically, each and every allegation therein against Experian.  As to the remaining allegations of in paragraph 6, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every such allegation.

7.      In response to paragraph 7 of the Complaint, Experian states that this paragraph is not subject to denial or admission.

8.      In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.      In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.      In response to paragraph 10 of the Complaint, Experian states that this paragraph is not subject to denial or admission.

11.      In response to paragraph 11 of the Complaint, Experian denies, generally and specifically, each and every allegation therein against Experian.  Experian admits that it received a letter dated October 12, 2017, and purporting to come from Plaintiff, requesting that Experian

"remove" from Plaintiff's "Personal Credit Report" (1) "[a]ll Federal Tax Liens . . . reported as released," as well as (2) "[a]ny reference to bankruptcy filings by 'Michael J. Young, Trustee.'" Experian promptly addressed both requests. No tax liens reporting to Experian as "released" were allowed to remain on Plaintiff's credit disclosure, and there were (and are) no bankruptcy "reference[s] to . . . 'Michael J. Young, Trustee'" on Plaintiff's credit disclosure.

12. In response to paragraph 12 of the Complaint, Experian admits that it has issued credit reports with respect to Plaintiff. Experian denies, generally and specifically, each and every remaining allegation in paragraph 12.

13. In response to paragraph 13 of the Complaint, Experian states that this paragraph is not subject to denial or admission.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. All allegations not expressly admitted above are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein is barred by laches.

## SIXTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages which Plaintiffs may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## EIGHTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that some claims for relief in the Complaint herein are barred by the applicable statutes of limitations, including but not limited to 15 U.S.C. § 1681p.

## NINTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not caused by Experian, but by an independent intervening cause.

## ELEVENTH AFFIRMATIVE DEFENSE

Claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## TWELFTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: May 25, 2018                              Respectfully submitted,

/s/ Emmett E. Robinson
Emmett E. Robinson
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114
Telephone: (216) 586-3939
Facsimile:  (216) 579-0212
Email:      erobinson@jonesday.com

*Attorney for Defendant Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 25, 2018, the foregoing Answer was filed via the Court's electronic filing system. Counsel of record will be served electronically with notice of this filing as indicated on the electronic filing receipt and will have access to the Answer via the Court's electronic system.  I also certify that a copy of this Answer will be emailed by me directly to pro se plaintiff Michael J. Young this day, May 25, 2018, at myoung@youprop.com, and will be sent via U.S. Mail to the same at:

Michael J. Young
610 Old Farm Road
Columbus, OH 43213.

/s/ Emmett E. Robinson
*Attorney for Defendant*
*Experian Information Solutions, Inc.*